UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **SOUTHERN COAL SALES CORPORATION**<br><br>Plaintiff,<br><br>v.<br><br>**VIRGINIA MINING RESOURCES PTE. LTD.**<br><br>Defendant. | Case No. 7:19cv220<br><br>**COMPLAINT FOR BREACH OF CONTRACT AND OTHER RELIEF** |

Plaintiff, Southern Coal Sales Corporation ("SCSC"), by counsel, and for its Complaint for Breach of Contract and Other Relief, respectfully states as follows:

I. **THE PARTIES, JURISDICTION AND VENUE**

A. **The Parties**

1. SCSC is a for-profit corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 302 South Jefferson Street, Roanoke, Virginia 24011. SCSC is engaged in the business of selling coal, including high quality metallurgical coal used in the steel industry.

2. Defendant, Virginia Mining Resources Private Ltd. ("VMR"), upon information and belief is foreign corporate entity registered in Kolkata, India, Corporate Identification Number U103002B2014PTC203258, Registration Number 203258, with a registered address at 85 Metcalf Street, 2nd Floor, Room No. 203, Kolkata WB 70013 India. VMR is engaged in the business of, among other things, buying and selling coal. Upon information and belief, VMR is owned by Vineet Mehra, whose father is a senior official with the entity that owns Essar Steel

1

Algoma Inc. ("Essar Steel"). VMR has failed and refused to pay to SCSC approximately $6.1 million for coal that SCSC delivered to Essar Steel, in contravention of that certain guarantee agreement entered into by VMR and in favor of SCSC and described in more detail below. A copy of the Guarantee Agreement and attachments is attached as *Exhibit A*.

### B. Jurisdiction And Venue

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 in that the amount in controversy is well in excess of $75,000 exclusive of interest and costs and the matter and action is between a citizen of Delaware – SCSC – and a foreign corporate entity – VMR.

4. This Court has personal jurisdiction over VMR because VMR has contracted and conducted business in Virginia, including contracting to purchase coal from Virginia and to pay for that coal in Virginia.

5. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b) because a substantial part of the events and omissions giving rise to this action occurred in this District.

### FACTUAL ALLEGATIONS

6. In or around February 2015, VMR approached Global Sales Innovations, LLC ("GSI") to find a supplier of metallurgical coal. Upon information and belief, VMR had submitted a bid to Essar Steel to supply metallurgical coal and was therefore seeking suppliers in the event it was the successful bidder.

7. To that end, in or around early March 2015, GSI approached SCSC about supplying metallurgical coal for the Essar Steel business. As part of those discussions and negotiations, it was decided that if SCSC agreed to supply the requisite coal, VMR would guarantee payment for that coal regardless of whether VMR received payment from Essar Steel.

2

8. On April 10, 2015, Essar Steel issued Purchase Order No. 5900008453 (the "Purchase Order") to VMR for the supply of 150,000 net tons of coal to Essar Steel, pursuant to terms and conditions included in the Purchase Order.

9. On April 14, 2015, VMR signed a contract (the "Guarantee Agreement") in favor of SCSC, which provided that SCSC would supply the 150,000 net tons of coal to Essar Steel under the Purchase Order and that VMR would pay to SCSC $98.20 per ton FOB Sandusky Port for that coal. The Purchase Order was made an attachment to the Guarantee Agreement, and both are included in *Exhibit A*.

10. Pursuant to the Guarantee Agreement, VMR agreed to "ensure and guaranty payment" to SCSC for all coal delivered to Essar Steel under the Purchase Order. *See* Guarantee Agreement, p. 1.

11. The Guarantee Agreement further provided that if VMR did not receive payment from Essar Steel before payment was due to SCSC, VMR could deduct $0.20 per ton from the payment due to SCSC. *See Id.*

12. SCSC received and accepted the Guarantee Agreement on or about April 14, 2015 at its principal place of business in Roanoke, Virginia.

13. The Guarantee Agreement provided the following shipment schedule:

| April 2015 | May 2015 | June 2015 | July 2015 | Aug. 2015 | Sep. 2015 | Oct. 2015 | Nov. 2015 |
|---|---|---|---|---|---|---|---|
| 18,000 Approx. | 18,000 Approx. | 18,000 Approx. | 36,000 Approx. | 18,000 Approx. | 18,000 Approx. | 18,000 Approx. | 18,000 Approx. |

*See* Guarantee Agreement, p. 2, ¶1.

14. SCSC performed its obligations under the Guarantee Agreement, shipping the entire 150,000 net tons of coal to Essar Steel.

15. Between April 2015 and October 2015, SCSC issued invoices 15AL001 through 15AL012 (the "Invoices") to VMR for the coal shipped to Essar Steel pursuant to the Purchase Order, in the total amount of $9,016,656.44.

16. To date, $6.1 million remains unpaid, due and owing under the Invoices, the Purchase Order, and the Guarantee Agreement.

17. On February 25, 2016, SCSC filed a Proof of Claim in Essar Steel's bankruptcy proceeding, seeking payment of the $6.1 million. This money has not been paid.

18. Pursuant to the Guarantee Agreement, VMR is liable to SCSC for the $6.1 million that remains unpaid, due and owing under the Invoices.

## COUNT I
### (Breach Of Contract)

19. SCSC repeats and realleges each and every allegation set forth in Paragraphs 1 through 18 of this Complaint as if fully set forth herein.

20. VMR and SCSC entered into the Guarantee Agreement for the sale and delivery of coal from April 2015 through November 2015.

21. Under the Guarantee Agreement, VMR guaranteed that SCSC would be paid for coal SCSC shipped to Essar Steel under the Purchase Order.

22. VMR breached the Guarantee Agreement by failing to pay for the coal SCSC supplied under the Guarantee Agreement.

23. As a direct and proximate result of VMR's breach of the Guarantee Agreement, SCSC has been damaged and VMR has benefited.

24. SCSC is therefore entitled to recover compensatory damages from VMR arising from its breach of the Guarantee Agreement in an amount of at least $6.1 million but which will be determined at trial in an amount in excess of the minimum jurisdictional limits of this Court.

WHEREFORE, SCSC respectfully requests Judgment on their Complaint herein as follows:

A. A Judgment on Count I for compensatory damages for breach of contract;

B. Pre- and post-judgment interest at the legal rates;

C. Trial by jury on all counts so triable; and

D. Such further relief as Plaintiff appears entitled, in addition to the costs and disbursements of this action.

Respectfully submitted,

_____/s/ Aaron B. Houchens, Esq._____
AARON B. HOUCHENS (VSB #80489)

AARON B. HOUCHENS, P.C.
111 East Main Street
P.O. Box 1250
Salem, Virginia 24153
Telephone: (540) 389-4498
Facsimile: (540) 339-3903
aaron@houchenslaw.com

And

RICHARD A. GETTY
(*Pro Hac Vice* Admission pending)
    and
DANIELLE HARLAN
(*Pro Hac Vice* Admission pending)

THE GETTY LAW GROUP, PLLC
1900 Lexington Financial Center
250 West Main Street
Lexington, Kentucky 40507
Telephone: (859) 259-1900
Facsimile: (859) 259-1909
rgetty@gettylawgroup.com
dharlan@gettylawgroup.com

COUNSEL FOR PLAINTIFF SOUTHERN
COAL SALES CORPORATION